IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD BYRD,** : | |
| Petitioner, : | |
| v. : | CIVIL NO. 07-CV-4197 |
| : | |
| **JOHN DELANEY,** : | |
| Respondent. : | |

**MEMORANDUM OPINION & ORDER**

**Rufe, J.**                                                                                                                        **May 6, 2008**

Before the Court is Petitioner Reginald Byrd's (hereinafter, "Byrd" or "Petitioner") *pro se* Petition for a pre-trial Writ of Habeas Corpus. For the reasons that follow, the Petition will be dismissed without prejudice and without an evidentiary hearing.

## I. PROCEDURAL BACKGROUND

Byrd, acting *pro se*, filed a Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2241 on October 5, 2007.[1] In response to an Order of this Court, Byrd filed a document styled "Amendment 1" on November 21, 2007, clarifying that his case was currently in the pretrial phase, and that he was not seeking to attack collaterally a conviction in state court, but rather, his ongoing pretrial detention at a state detention center in Philadelphia.[2] Pursuant to a referral from this Court, Magistrate Judge Arnold C. Rapoport filed a Report and Recommendation on the merits of the Petition on December 28, 2007.[3] Although objections to the Report and

---

[1] Doc. No. 1.

[2] Doc. No. 4.

[3] Doc. No. 7.

Recommendation were due by January 18, 2008, none were filed by that date, or at any time since.

## II.  STANDARD OF REVIEW

To the extent no objection is made to a Magistrate's Report and Recommendation, the Court's review of the Report is discretionary.[4]  Because no objection was filed to any part of Magistrate Judge Rapoport's Report in this matter, the Court may, in its discretion, "accept, reject or modify, in whole or in part," the findings or recommendations contained therein.[5]

## III.  DISCUSSION

Magistrate Judge Rapoport's Report entails an analysis and recommendation based on Petitioner's failure to exhaust his claims at the state level, and the Court will adopt the Report as far as it goes.  However, because the Court considers that the proper analysis of a section 2241 petition involves a final analytical step not included in the Magistrate's Report, this additional discussion will further address Petitioner's claims.

The Magistrate Judge reasoned Byrd's Petition should be dismissed because he has failed to exhaust state remedies, and this Court agrees.  As a general rule, a petitioner must exhaust available state or administrative remedies before bringing a habeas claim under section 2241.[6]  Typically, the exhaustion requirement under 28 U.S.C. section 2241 takes the same form

---

[4] See 28 U.S.C. § 636(b)(1)(C); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994).

[5] Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

[6] See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-92 (1973); see also Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975); Graham v. Brooks, 342 F. Supp. 2d 256, 262 (D. Del. 2004).

as the exhaustion requirement under 28 U.S.C. section 2254.[7]  "However, when a petitioner raises a claim [under section 2241] prior to his trial, he cannot exhaust state remedies in the traditional sense because he can still raise the claim on direct appeal after his conviction."[8]

In such circumstances, a somewhat different exhaustion inquiry is required.  The inquiry's basic purpose is to determine the reason for the petition at issue, that is, whether the petitioner is trying to enforce "the state's obligation to bring him promptly to trial," or whether he is trying to "abort a trial in the state courts" altogether, by obtaining a ruling from the federal court on the merits of his constitutional claim that would result in the dismissal of his state criminal trial.[9]  The assessment is made in light of the federalism interests that underlie the exhaustion requirement for federal habeas claims – in particular, the comity interest that is furthered when state courts are permitted a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[10]

The exhaustion analysis for pretrial section 2241 claims has two prongs.  The first prong is applicable where the court determines that the petition constitutes an attempt to enforce the petitioner's prompt trial right, and that "repeated demands" for such enforcement have already been made on the state courts, to no avail.[11]  Where both of these criteria are met, the exhaustion requirement may be deemed satisfied, as "federal habeas corpus action at this time

---

[7] See Moore, 515 F.2d at 442; see also Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 2000).  The Magistrate Judge here assessed the Petition in light of the section 2254 exhaustion requirements.

[8] Graham, 342 F. Supp. 2d at 263 (citing Braden, 410 U.S. at 489; Moore, 515 F.2d at 443).

[9] Braden, 410 U.S. at 489-91.

[10] O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

[11] Graham, 342 F. Supp. 2d at 263 (citing Braden, 410 U.S. at 489-90).

3

and under these circumstances does not jeopardize any legitimate interest of federalism."[12]

In contrast, the second prong of the analysis applies where it appears the petitioner is seeking to "abort a trial in the state courts" by raising, in federal court, and prior to his state trial, constitutional defenses to the state charges he faces.[13] Such a purpose is incompatible with the federal-state comity interests protected by the exhaustion requirement, and therefore, pretrial "federal habeas review is not available unless the petitioner has exhausted state remedies and he makes a 'special showing of the need for such adjudication', or he demonstrates 'extraordinary circumstances' sufficient to excuse his failure to exhaust."[14] The term "extraordinary circumstances" has not been given precise definition in the pretrial section 2241 context, but the Third Circuit has suggested that prosecutorial "delay, harassment, bad faith or other intentional activity . . . might, in an appropriate situation," satisfy this rigorous standard.[15]

Here, Petitioner makes no claim that the state has lapsed in its obligation to provide him a prompt trial, such that the first prong of the pretrial section 2241 exhaustion analysis does not apply. Instead, insofar as the Court can determine from Byrd's filings, and as the Magistrate Judge also concluded, Byrd's petition is properly analyzed under the second prong because it seems to request federal habeas relief from pretrial detention, and state trial altogether, on constitutional grounds. The Court adopts Magistrate Judge Rapoport's analysis regarding Byrd's actual failure to exhaust his claims in the state courts. Moreover, nothing in Byrd's

---

[12] Braden, 410 U.S. at 491-92.

[13] Id. at 493.

[14] Graham, 342 F. Supp. 2d at 263 (quoting Moore, 515 F.2d at 443-46).

[15] Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1997) (citation omitted).

filings suggests the existence here of the type of intentional, bad faith state activity that could justify an exception, based on "extraordinary circumstances," to the basic exhaustion requirement, and no reason appears to hold an evidentiary hearing on the subject.

## IV.  CONCLUSION

Accordingly, for the reasons set forth in the Report and Recommendation and in the foregoing analysis, the Petition will be denied without prejudice and without an evidentiary hearing.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **REGINALD BYRD,** | : | |
| Petitioner, | : | |
| v. | : | **CIVIL NO. 07-CV-4197** |
| | : | |
| **JOHN DELANEY,** | : | |
| Respondent. | : | |
| | : | |

### ORDER

**AND NOW**, this 6th day of May 2008, upon consideration of the Petition for Writ of Habeas Corpus [Doc. No. 1], the Amended Petition for Writ of Habeas Corpus [Doc. No. 4], and the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, dated December 28, 2007 [Doc. No. 7], to which no objection has been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED** without prejudice and **DISMISSED** without an evidentiary hearing; and

3. There is no probable cause to issue a certificate of appealability.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

                                                                        **BY THE COURT:**

                                                                         /s/ Cynthia M. Rufe

                                                                         **CYNTHIA M. RUFE, J.**